PETITION OF JACKSONVILLE BAR ASSOCIATION FOR THE ADOPTION OF A SPECIAL RULE VESTING IN THE JUDGE OR JUDGES, OF THE SEVERAL JUDICIAL CIRCUITS OF THE STATE OF FLORIDA POWER TO ESTABLISH JUDICIAL COMMISSIONS TO INVESTIGATE COMPLAINTS OF PROFESSIONAL MISCONDUCT OF ATTORNEYS AT THE BAR OF THEIR RESPECTIVE CIRCUITS.

169 So. 674.
Order Entered September 18, 1936.

PER CURIAM.—This is a petition by the Jacksonville Bar Association, a voluntary association of lawyers practicing at the bar of this Court, in which it is represented that from time to time complaints have been filed against members of the bar in the Fourth Judicial Circuit for alleged breaches of ethical conduct as laid down by the statutes of Florida and by the canons of the American Bar Association, which canons were duly adopted by the State Board of Law Examiners in October, 1934. That similar complaints are made against members of the bar in jurisdictions other than the Fourth Judicial Circuit and that effective disciplinary action cannot be taken with regard to said complaints without a special rule permitting the Circuit Courts to appoint Commissions to make investigations and report their findings of fact to the Circuit Court for appropriate action.

An attorney at law holds his office during good behavior and his right to practice law is one of which he cannot be deprived by the court except for legal cause, and then only in a manner pointed out by law. In re: Day, 181 Ill.

73, 54 N. E. Rep. 646, 50 L. R. A. 519; Hanson v. Gralton, 84 Kan. 843, 115 Pac. Rep. 646, 34 L. R. A. (N. S.) 240.

The action of a court, however, in exercising its power to declare a suspension or forfeiture of the privilege or franchise of an attorney is judicial in its character and contemplates that an inquiry may be made at any time by the court in the nature of an investigation into the conduct of one of its own officers annd that an order for such investigation is but an exercise of the inherent disciplinary jurisdiction which the court has over its own officers. *In re:* Burant, 80 Conn. 140, 67 Atl. Rep. 497, 10 Ann. Cas. 539; *Ex Parte:* Wall, 107 U. S. 265, 2 Supp. Ct. Rep. 569, 27 L. Ed. 552.

It is well established that courts of justice have the inherent power to prescribe such rules of practice, such rules to regulate their proceedings and such rules to facilitate the administration of justice, as they may deem necessary. Opinion of Chief Justice, 8 Fla. 496. But in this state all rule making power of the inferior courts that is of general character, is subject to the supervisory control of the Supreme Court of this state, without whose consent the power to make general rules cannot be effectually exercised in the inferior courts. State v. Call, 39 Fla. 504, 22 Sou. Rep. 748; Wilhelm v. South Indian River Co., 98 Fla. 970, 124 Sou. Rep. 729.

While rules of court must be subordinate to law and in cases of conflict, the law will prevail,* courts nevertheless may, by virtue of their inherent powers, subject to the foregoing limitation, make all such rules as they may deem necessary to the proper performance of their functions

---

*See Keen v. State, 89 Fla. 113, 103 Sou. Rep. 399; Holder Turpentine Co. v. Kiser, 68 Fla. 312, 67 Sou. Rep. 85.

and the functions of their officers and subordinates, as well as rules to facilitate the administration of justice. State v. Posey, 17 La. Ann. 252, 87 Am. Dec. 525; Van Ingen v. Berger, 82 Ohio St. 255, 92 N. E. Rep. 433, 19 Ann. Cas. 799; Stevenson v. Milwaukee County, 140 Wis. 14, 121 N. W. Rep. 654, 17 Ann. Cas. 901; Note: Ann. Cas. 1914-A 101.

It follows that the acknowledged power of the Supreme Court to prescribe rules of conduct for the discipline of attorneys admitted to practice before it and before the inferior courts, comprehends and includes the power and right by a general rule to set up, or provide for setting up, judicial agencies in the nature of special judicial commissions for the purpose of vesting in them the right and authority to take such steps and proceedings as may be necessary to inquire into and investigate charges of alleged professional misconduct on the part of attorneys.

It is therefore considered, ordered and adjudged by this Court that the petition of the Jacksonville Bar Association is well founded and pursuant thereto that the following Special Rule of the Supreme Court to be entitled: "Special Procedure for Inquiries into Charges of Official Misconduct on the Part of Attorneys," be and the same is hereby adopted and promulgated to be effective October 1, 1936:

"(a) The Judge or Judges of each of the several Judicial Circuits of this State are hereby authorized to establish commissions to investigate all complaints of professional misconduct of attorneys at the bar of such circuits.

"(b) Such commissions shall consist of not less than three nor more than nine members who shall be selected from practicing attorneys at the bar of said circuits and who shall be designated by order of the Judge or Judges of the Circuit Court to serve until further order of the

Court, but not exceeding one year from date of appointment, and no attorney who has been appointed and has served on any such commission for a period of one year shall be eligible for re-appointment until the lapse of a year after such service has been concluded.

(c) Such commission shall make its report of testimony, evidence and findings, together with its recommendations in each case, to the Judge or Judges from whom it received its appointment.

(d) Any commission duly appointed under this Rule may procure the attendance of witnesses before it by subpoena which shall be issued by the Clerk of the Circuit Court upon the request of the commission or the Chairman thereof.

(e) In the event that the commission shall determine that any complaint before it for investigation is well founded, it shall forthwith submit its report, together with a transcript of the testimony taken and evidence adduced, to the Judge or Judges of the Circuit Court, with its recommendations for such further action as may be deemed advisable by the commission.

(f) Investigations, reports and findings by the commission shall not be docketed or recorded in the public records, but are intended to aid the several courts of this State in investigating complaints against attorneys at law. Nothing herein shall be construed as depriving the several Circuit Judges of their authority to make such independent investigations of complaints as they may deem advisable."

WHITFIELD, C. J., and ELLIS, TERRELL, BROWN, BUFORD and DAVIS,, J. J., concur.