DAN KELLY, JR., v. STATE.

183 So. 480.
Opinion Filed September 23, 1938.

*James E. Calkins, Claude Ogilvie* and *Cockrell & Cockrell,* for Plaintiff in Error;

*George Couper Gibbs,* Attorney General, and *Tyrus A. Norwood,* Assistant Attorney General, for the State.

PER CURIAM.—Pursuant to Section 4172, *et seq.,* Compiled General Laws of 1927, and a special rule adopted by this Court on petition of the Jacksonville Bar Association, reported in 125 Fla. 175, 169 So. 674, disbarment proceedings were instituted against the plaintiff in error, Dan Kelly, Jr., in January, 1938. A motion to quash was overruled, answer was filed, and on final hearing after testimony was taken, an order was entered suspending the defendant from exercising the office of attorney at law for a period of two months, that is to say, from the first day of September to the first day of November, A. D. 1938. From said decree, the instant writ of error was prosecuted.

The record discloses that one Judson M. Myrick became a client of Kelly for the purpose of securing a divorce from his wife, Beatrice Smith Myrick. Kelly prepared and filed the bill of complaint, procured constructive service, and had decree *pro confesso* entered against the defendant. He then prepared the evidence of complainant and had it sworn to and notarized as he did the affidavit for constructive service by W. H. Fisher as notary public or special master

without the presence of any of the affiants. He (Kelly) then submitted the evidence and pleadings in the form of a master's report to the chancellor and procured the granting of a divorce as prayed for.

Mrs. Myrick later found a copy of the decree of divorce in Myrick's car and retained J. N. Gillespie of New Smyrna to set it aside. Mr. Gillespie immediately interviewed the chancellor and Mr. Kelly about the situation. It developed that Myrick and his wife had never been separated, that no ground for divorce existed, and that Myrick had imposed on Kelly. Kelly then cooperated with Gillespie and they prepared and filed a bill of complaint to set the decree of divorce aside. The chancellor declined to decree in compliance with the prayer of the bill, but directed the State Attorney to institute disbarment proceedings against Mr. Kelly. It is stated in brief of counsel that he proceeded directly against the special master for contempt.

None of these facts are denied, but it is contended that the judgment below should be reversed because Kelly was imposed on by his client and that taken as a whole, there is nothing showing fraudulent conduct on his part. We can readily believe that Kelly was imposed on by his client, but we are not convinced that he did not know better than to have the special master take the oath of and notarize the affidavit for constructive service and the evidence of complainant's witnesses when none of the affiants were present. Neither are we convinced that he did not know he was indulging a wrong practice to submit such evidence and pleadings to the Chancellor as a *bona fide* master's report and ask for a divorce thereon.

There is no showing that Kelly connived with his client, in fact it is shown that his client imposed on him and except for the fact that he instituted the proceeding, his conduct was but little less deserving of censure than that of the

special master. It is shown that he is penitent, that he comes from an old and respected family, that he has heretofore borne a splendid professional and private reputation, that he is a young man of promise and when shown that he had been imposed on, in so far as was possible, he exercised due diligence to correct the wrong committed.

The most that a sinner can do is to repent and beg forgiveness. In many cases, the penalty imposed by the law is rigid and the courts are powerless to relax it, but that is not true in this case. Trial courts are amply justified in upholding a high standard of professional conduct, but in view of all the circumstances, we feel that the judgment in this case was a little severe, that a public reprimand would have served a better purpose. It is accordingly reversed with directions to proceed accordingly. Section 4637, Compiled General Laws of 1937.

Reversed for proper judgment.

ELLIS, C. J., and WHITFIELD, TERRELL, BROWN, BUFORD and CHAPMAN, J. J., concur.