740 So.2d 518 (1999)
Luther T. BASSE, Petitioner,
v.
STATE of Florida, Respondent.
No. 93,760.
Supreme Court of Florida.
June 10, 1999.
Rehearing Denied September 20, 1999.
*519 Luther T. Basse, Bowling Green, Florida, Petitioner, pro se.
Robert A. Butterworth, Attorney General, Tallahassee, Florida, and William A. Haddad, Clerk, Second District Court of Appeal, Lakeland, Florida, for Respondent.
PER CURIAM.
Petitioner Luther T. Basse petitions this Court for writ of prohibition. We have jurisdiction. Art. V, § 3(b)(7), Fla. Const. For the reasons expressed below, we deny Basse's petition.
Basse filed a 117-page petition for writ of habeas corpus in the Second District Court of Appeal. The Second District struck Basse's petition and ordered him to file an amended petition of no more than fifty pages within thirty days. In support of its decision to strike Basse's petition, the Second District cited Florida Rule of Appellate Procedure 9.210(a)(5). This rule provides that appellate briefs shall not exceed fifty pages unless a longer brief is permitted by the court.
After his petition was struck, Basse filed a petition for writ of prohibition with this Court arguing that rule 9.210(a)(5) applies only to appellate briefs and there is no page limit applicable to extraordinary writ petitions; accordingly, he argues that the Second District Court of Appeal could not limit his petition for writ of habeas corpus to fifty pages. The Second District responded that the same conciseness is required in original writ proceedings as in appellate proceedings and, therefore, an unnecessarily lengthy petition such as Basse's may be stricken.
Basse is correct that the Florida Rules of Appellate Procedure currently have no provision governing the length of original writ petitions.[1] However, in State v. Ford, 626 So.2d 1338 (Fla.1993), this Court recognized that "[a]ll courts in Florida possess the inherent powers to do all things that are reasonable and necessary for the administration of justice within the scope of their jurisdiction, subject to valid existing laws and constitutional provisions." Id. at 1345 (quoting Roger A. Silver, The Inherent Power of the Florida Courts, 39 U. Miami. L.Rev. 257, 263 (1985)); see also In re Petition of Jacksonville Bar Ass'n, 125 Fla. 175, 177, 169 So. 674, 675 (1936) ("It is well established that courts of justice have the inherent power to prescribe such rules of practice, such rules to regulate their proceedings and such rules to facilitate the administration of justice, as they may deem necessary.").
Placing page limits on writ petitions simply requires a petitioner to provide a distinct and succinct focus and improves the ability of a court to issue rulings in writ cases in a more timely and efficient fashion than if the court had to pore through countless pages of what may be unnecessary and repetitive arguments or irrelevant information. Therefore, we conclude that courts may impose reasonable page limits on petitions for extraordinary writs. See Ford, 626 So.2d at 1345; Jacksonville Bar, 125 Fla. at 177, 169 So. at 675; see also Platel v. Maguire, Voorhis & Wells, *520 P.A., 436 So.2d 303, 305 (Fla. 5th DCA 1983) (holding that court has inherent authority to prohibit abuse of court procedure).
In the instant case, we conclude that the district court has the inherent authority to place reasonable page limitations on filings so long as the rules do not provide otherwise, and we agree that Florida Rule of Appellate Procedure 9.210(a)(5) governing the length of appellate briefs serves as a reasonable benchmark from which the district court may derive its fifty-page limit. However, while reasonable court-imposed page limits on writ petitions are permissible, petitioners must be afforded the opportunity to show good cause for filing a longer petition.[2] Should a petitioner demonstrate good cause, the court must then allow the petitioner to submit a petition that exceeds the page limit to the extent necessary for an adequate presentation of the claims.
Accordingly, we deny Basse's petition for writ of prohibition; however, we direct that the Second District Court of Appeal shall afford Basse the opportunity to demonstrate good cause for filing a petition that exceeds the page limit.
It is so ordered.
HARDING, C.J., SHAW, WELLS, ANSTEAD, PARIENTE and LEWIS, JJ., and OVERTON, Senior Justice, concur.
NOTES
[1] Because the Florida Rules of Appellate Procedure currently have no provision governing the length of original writ petitions, we refer this issue to the Appellate Rules Committee to consider formulating a rule to address this issue.
[2] Even the rule relied upon by the Second District in formulating a page limit on writ petitions permits exceptions to the page limit on appellate briefs. Florida Rule of Appellate Procedure 9.210(a)(5), provides that "longer briefs may be permitted by the court."