PER CURIAM.
The Appellate Court Procedure Rules Committee, in response to a request from this Court, has filed an emergency petition to amend Florida Rule of Appellate Procedure 9.100(g), (j), and (k). We have jurisdiction. See art. V, § 2(a), Fla. Const.
In Basse v. State, 740 So.2d 518 (Fla.1999), this Court asked the Appellate Rules Committee to consider formulating a rule governing the length of original writ petitions. Id. at 519 n. 1. In response to the Court’s request, the committee proposes amendments to rule 9.100(g), (j), and (k), which limit the length of petitions and responses to fifty pages and the length of replies to fifteen pages. The proposed amendments were published for comments. Only one comment was received, which supports page limitations but suggests that the rule be amended to specifically provide for longer filings upon a showing of good cause. The rules committee considered the need for a provision specifically allowing the court to permit longer filings, but a majority believed that such authority is inherent and need not be specifically stated in the rule. See Basse, 740 So.2d at 520 (recognizing “petitioners must be afforded the opportunity to show good cause for filing a longer petition”).
After reviewing the proposed amendments and comment, we amend rule 9.100(g), (j), and (k) as proposed by the rules committee. The amendments are reflected in the appendix to this opinion, wherein new language is indicated by underscoring. The committee notes are offered for explanation only and are not adopted as an official part of the rules. The amendments shall become effective at 12:01 a.m., January 1, 2000.
It is so ordered.
*75 HARDING, C.J., and SHAW, WELLS, ANSTEAD, PARIENTE, LEWIS, and QUINCE, JJ., concur.
APPENDIX
RULE 9.100. ORIGINAL PROCEEDINGS
(a) Applicability. This rule applies to those proceedings that invoke the jurisdiction of the courts described in rules 9.030(a)(3), (b)(2), (b)(3), (c)(2), and (c)(3) for the issuance of writs of mandamus, prohibition, quo warranto, certiorari, and habeas corpus, and all writs necessary to the complete exercise of the courts’ jurisdiction; and for review of non-final administrative action.
(b) Commencement; Parties. The original jurisdiction of the court shall be invoked by filing a petition, accompanied by a filing fee if prescribed by law, with the clerk of the court deemed to have jurisdiction. If the original jurisdiction of the court is invoked to enforce a private right, the proceeding shall not be brought on the relation of the state. If the petition seeks review of an order entered by a lower tribunal, all parties to the proceeding in the lower tribunal who are not named as petitioners shall be named as respondents.
(c) Exceptions; Petitions for Certio-rari; Review of Non-Final Agency Action. The following shall be filed within 30 days of rendition of the order to be reviewed:
(1) A petition for certiorari.
(2) A petition to review quasi-judicial action of agencies, boards, and commissions of local government, which action is not directly appealable under any other provision of general law but may be subject to review by certiorari.
(3) A petition to review non-final agency action under the Administrative Procedure Act.
(4)A petition challenging an order of the Department of Corrections entered in prisoner disciplinary proceedings.
Lower court judges shall not be named as respondents to petitions for certiorari; individual members of the agencies, boards, and commissions of local government shall not be named as respondents to petitions for review of final quasi-judicial action; and hearing officers shall not be named as respondents to petitions for review of non-final agency action. A copy of the petition shall be furnished to the person (or chairperson of a collegial administrative agency) issuing the order.
(d) Exception; Orders Excluding Press or Public.
(1) A petition to review an order excluding the press or public from access to any proceeding, any part of a proceeding, or any judicial records, if the proceedings or records are not required by law to be confidential, shall be filed in the court as soon as practicable following rendition of the order to be reviewed, if written, or announcement of the order to be reviewed, if oral. A copy shall be furnished to the person (or chairperson of the collegial administrative agency) issuing the order, and to the parties to the proceeding.
(2) The court shall immediately consider the petition to determine whether a stay of proceedings in the lower tribunal is appropriate, and on its own motion or that of any party, the court may order a stay on such conditions as may be appropriate.
(3) If requested by the petitioner or any party, or on its own motion, the court may allow oral argument.
(e) Exception; Petitions for Writs of Mandamus and Prohibition Directed to a Judge or Lower Tribunal. When a petition for a writ of mandamus or prohibition seeks a writ directed to a judge or lower tribunal, the following procedures apply:
(1) Caption. The name of the judge or lower tribunal shall be omitted from the caption. The caption shall bear the name *76 of the petitioner and other parties to the proceeding in the lower tribunal who are not petitioners shall be named in the caption of respondents.
(2) Parties. The judge or the lower tribunal is a formal party to the petition for mandamus or prohibition and must be named as such in the body of the petition (but not in the caption). The petition must be served on all parties, including any judge or lower tribunal who is a formal party to the petition.
(3) Response. The responsibility to respond to an order to show cause is that of the litigant opposing the relief requested in the petition. Unless otherwise specifically ordered, the judge or lower tribunal has no obligation to file a response. The judge or lower tribunal retains the discretion to file a separate response should the judge or lower tribunal choose to do so. The absence of a separate response by the judge or lower tribunal shall not be deemed to admit the allegations of the petition.
(f) Review Proceedings in Circuit Court.
(1) Applicability. The following additional requirements apply to those proceedings that invoke the jurisdiction of the circuit court described in rules 9.030(c)(2) and (c)(3) to the extent that the petition involves review of judicial or quasi-judicial action.
(2) Caption. The caption shall contain a statement that the petition is filed pursuant to this subdivision.
(3) Duties of the Circuit Court Clerk. When a petition prescribed by this subdivision is filed, the circuit court clerk shall forthwith transmit the petition to the administrative judge of the appellate division, or other appellate judge or judges as prescribed by administrative order, for a determination as to whether an order to show cause should be issued.
(4) Default. The clerk of the circuit court shall not enter a default in a proceeding where a petition has been filed pursuant to this subdivision.
(g) Petition. The caption shall contain the name of the court and the name and designation of all parties on each side. The petition shall not exceed 50 pages in length and shall contain
(1) the basis for invoking the jurisdiction of the court;
(2) the facts on which the petitioner relies;
(3) the nature of the relief sought; and
(4) argument in support of the petition and appropriate citations of authority. If the petition seeks an order directed to a lower tribunal, the petition shall be accompanied by an appendix as prescribed by rule 9.220, and the petition shall contain references to the appropriate pages of the supporting appendix.
(h) Order to Show Cause. If the petition demonstrates a preliminary basis for relief, a departure from the essential requirements of law that will cause material injury for which there is no adequate remedy by appeal, or that review of final administrative action would not provide an adequate remedy, the court may issue an order directing the respondent to show cause, within the time set by the court, why relief should not be granted. In prohibition proceedings such orders shall stay further proceedings in the lower tribunal.
(i) Record. A record shall not be transmitted to the court unless ordered.
(j) Response. Within the time set by the court, the respondent may serve a response, which shall not exceed 50 pages in length and which shall include argument in support of the response, appropriate citations of authority, and references to the appropriate pages of the supporting appendices.
(k) Reply. Within 20 days thereafter or such other time set by the court, the peti *77 tioner may serve a reply, which shall not exceed 15 pages in length, and supplemental appendix.
Committee Notes
1977 Amendment. This rule replaces former rule 4.5, except that the procedures applicable to supreme court review of decisions of the district courts of appeal on writs of constitutional certiorari are set forth in rule 9.120; and supreme court direct review of administrative action on writs of certiorari is governed by rule 9.100. This rule governs proceedings invoking the supreme court’s jurisdiction to review an interlocutory order passing on a matter where, on final judgment, a direct appeal would lie in the supreme court. The procedures set forth in this rule implement the supreme court’s decision in Burnsed v. Seaboard Coastline R.R., 290 So.2d 13 (Fla.1974), that such interlocutory review rests solely within its discretionary certiorari jurisdiction under article V, section 3(b)(3), Florida Constitution, and that its jurisdiction would be exercised only when, on the peculiar circumstances of a particular case, the public interest required it. This rule abolishes the wasteful current practice in such cases of following the procedures governing appeals, with the supreme court treating such appeals as petitions for the writ of certiorari. This rule requires that these cases be prosecuted as petitions for the writ of certiorari.
This rule also provides the procedures necessary to implement the Administrative Procedure Act, section 120.68(1), Florida Statutes (Supp.1976), which provides for judicial review of non-final agency action “if review of the final agency decision would not provide an adequate remedy.” It was the opinion of the advisory committee that such a right of review is guaranteed by the statute and is not dependent on a court rule, because article V, section 4(b)(2), Florida Constitution provides for legislative grants of jurisdiction to the district courts to review administrative action without regard to the finality of that action. The advisory committee was also of the view that the right of review guaranteed by the statute is no broader than the generally available common law writ of certiorari, although the statutory remedy would prevent resort to an extraordinary writ.
Subdivisions (b) and (c) set forth the procedure for commencing an extraordinary writ proceeding. The time for filing a petition for common law certiorari is jurisdictional. If common law certiorari is sought to review an order issued by a lower tribunal consisting of more than 1 person, a copy of the petition should be furnished to the chairperson of that tribunal.
Subdivision (d) sets forth the procedure for appellate review of orders excluding the press or public from access to proceedings or records in the lower tribunal. It establishes an entirely new and independent means of review in the district courts, in recognition of the decision in English v. McCrary, 348 So.2d 293 (Fla.1977), to the effect that a writ of prohibition is not available as a means to obtain review of such orders. Copies of the notice must be served on all parties to the proceeding in the lower tribunal, as well as the person who, or the chairperson of the agency that, issued the order.
No provision has been made for an automatic stay of proceedings, but the district court is directed to consider the appropriateness of a stay immediately on the notice being filed. Ordinarily an order excluding the press and public will be entered well in advance of the closed proceedings in the lower tribunal, so that there will be no interruption of the proceeding by reason of the appellate review. In the event a challenged order is entered immediately before or during the course of a proceeding and it appears that a disruption of the proceeding will be prejudicial to 1 or more parties, the reviewing court on its own motion or at the request of any party shall determine whether to enter a stay or to allow the lower tribunal to proceed pend *78 ing review of the challenged order. See State ex rel. Miami Herald Publishing Co. v. McIntosh, 340 So.2d 904, 911 (Fla.1976).
This new provision implements the “strict procedural safeguards” requirement laid down by the United States Supreme Court in National Socialist Party of America v. Village of Skokie, 432 U.S. 43, 97 S.Ct. 2205, 53 L.Ed.2d 96 (1977). In that case the Court held that state restraints imposed on activities protected by the First Amendment must be either immediately reviewable or subject to a stay pending review.
Subdivision (e) sets forth the contents of the initial pleading. The party seeking relief must file a petition stating the authority by which the court has jurisdiction of the case, the relevant facts, the relief sought, and argument supported by citations of authority. This rule does not allow the petitioner to file a brief. Any argument or citations of authority that the petitioner desires to present to the court must be contained in the petition. This change in procedure is intended to eliminate the wasteful current practice of filing repetitive petitions and briefs. Under subdivision (g) no record is required to be filed unless the court so orders, but under subdivision (e) the petitioner must file an appendix to the petition containing conformed copies of the order to be reviewed and other relevant material, including portions of the record, if a record exists. The appendix should also contain any documents that support the allegations of fact contained in the petition. A lack of supporting documents may, of course, be considered by the court in exercising its discretion not to issue an order to show cause.
Under subdivisions (f), (h), and (i), if the allegations of the petition, if true, would constitute grounds for relief, the court may exercise its discretion to issue an order requiring the respondent to show cause why the requested relief should not be granted. A single responsive pleading (without a brief) may then be served, accompanied by a supplemental appendix, within the time period set by the court in its order to show cause. The petitioner is then allowed 20 days to serve a reply and supplemental appendix, unless the court sets another time. It should be noted that the times for response and reply are computed by reference to service rather than filing. This practice is consistent throughout these rules except for initial, jurisdictional filings. The emphasis on service, of course, does not relieve counsel of the responsibility for filing original documents with the court as required by rule 9.420(b); it merely affects the time measurements.
Except as provided automatically under subdivision (f), a stay pending resolution of the original proceeding may be obtained under rule 9.310.
Transmittal of the record under order of the court under subdivision (g) shall be in accordance with the instructions and times set forth in the order.
1980 Amendment. The rule was amended by deleting its reference to former rule 9.030(a)(2)(B) to reflect the 1980 revisions to article V, section 3(b), Florida Constitution that eliminated supreme court review by certiorari of non-final orders that would have been appealable if they had been final orders. The procedures applicable to discretionary supreme court review of district court decisions under rule 9.030(a)(2)(A) are governed by rule 9.120. The procedures applicable to supreme court discretionary review of trial court orders and judgments certified by the district courts under rule 9.030(a)(2)(B) are set forth in rule 9.125.
Subdivision (d) was amended to delete references to the district courts of appeal as the proper court for review of orders excluding the press and public, because the appropriate court could also be a circuit court or the supreme court.
1992 Amendment. Subdivision (b) was amended to add 2 provisions clarifying designation of parties to original proceed *79 ings. The first change eliminates the practice of bringing original proceedings on the relation of the state and instead requires that if a private right is being enforced, an action must be brought in the names of the parties. Second, this subdivision now requires that all parties not named as petitioners be included in the style as respondents, consistent with rules 9.020(f)(3) and (f)(4).
Subdivision (c) was amended to eliminate the practice of naming lower court judges, members of administrative bodies, and hearing officers as respondents in petitions for certiorari and for review of non-final agency action. Such individuals still are to be served a copy of the petition, but the amendment is to eliminate any suggestion that they are parties or adverse to the petitioner.
Subdivision (c) also was amended to reflect that review of final administrative action, taken by local government agencies, boards, and commissions acting in a quasi-judicial capacity, is subject to the requirement that the petition for writ of certiorari be filed within 30 days of rendition of the order to be reviewed.
Subdivision (e) was amended to require that the petition, the jurisdictional document, identify all parties on each side to assist the court in identifying any potential conflicts and to identify all parties to the proceeding as required by subdivision (b) of this rule. Additionally, this subdivision was amended to require, consistent with rule 9.210(b)(3), that the petition make references to the appropriate pages of the appendix that is required to accompany the petition.
Subdivision (f) was amended to add the existing requirement in the law that a petition must demonstrate not only that there has been a departure from the essential requirements of law, but also that that departure will cause material injury for which there is no adequate remedy by appeal. This subdivision, without amendment, suggested that it established a standard other than that recognized by Florida decisional law.
Subdivision (h) was amended to require that any response, like the petition, contain references to the appropriate pages of appendices, consistent with subdivision (f) of this rule and rules 9.210(b)(3) and 9.210(c).
1996 Amendment. The reference to “common law” certiorari in subdivision (c)(1) was removed so as to make clear that the 30-day filing limit applies to all petitions for writ of certiorari.
Subdivision (c)(4) is new and pertains to review formerly available under rule 1.630. It provides that a prisoner’s petition for extraordinary relief, within the original jurisdiction of the circuit court under rule 9.030(c)(3) must be filed within 30 days after final disposition of the prisoner disciplinary proceedings conducted through the administrative grievance process under chapter 33, Florida Administrative Code. See Jones v. Florida Department of Corrections, 615 So.2d 798 (Fla. 1st DCA 1993).
Subdivision (e) was added, and subsequent subdivisions re-lettered, in order to alter the procedural requirements placed or apparently placed on lower court judges in prohibition and mandamus proceedings. The duty to respond to an Order to Show Cause is expressly placed on the party opposing the relief requested in the petition, and any suggestion of a duty to respond on the part of the lower court judge is removed. The lower court judge retains the option to file a response. In those circumstances in which a response from the lower tribunal is desirable, the court may so order.
Subdivision (f) was added to clarify that in extraordinary proceedings to review lower tribunal action this rule, and not Florida Rule of Civil Procedure 1.630, applies and to specify the duties of the clerk in such proceedings, and to provide a mechanism for alerting the clerk to the necessity of following these procedures. If *80 the proceeding before the circuit court is or may be evidentiary in nature, then the procedures of the Florida Rules of Civil Procedure should be followed.
1999 Amendment. Page limits were added to impose text limitations on petitions, responses and replies consistent with the text limitations applicable to briefs under Rule 9.210.