925 So.2d 1076 (2006)
William Harold GIDNEY, Appellant,
v.
STATE of Florida, Appellee.
No. 4D05-1437.
District Court of Appeal of Florida, Fourth District.
March 15, 2006.
Rehearing Denied May 3, 2006.
William Harold Gidney, Arcadia, pro se.
No appearance required for appellee.
PER CURIAM.
William Gidney appeals the dismissal of his rule 3.850 motion. In dismissing his motion, the circuit court concluded that his ineffective assistance of counsel claim was insufficient because he did not allege that but for counsel's deficient performance he would not have entered the plea and would have insisted on proceeding to trial. Hill v. Lockhart, 474 U.S. 52, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985). The court concluded appellant's other claims could not be raised in a 3.850 motion because they could have been raised in a rule 3.170(l) motion to withdraw plea.
To the extent that appellant is attempting to go behind the plea and raise *1077 issues that were known when he entered the plea, we agree that these claims cannot be raised in a rule 3.850 motion. See Stano v. State, 520 So.2d 278, 280 (Fla. 1988); Dean v. State, 580 So.2d 808 (Fla. 3d DCA 1991). For example, defendant alleges that his confession was coerced, that a phone conversation with his wife regarding the victim in this case was illegally recorded, and that his arrest was illegal. Challenges to his confession and evidence flowing from his arrest were possible defenses that he abandoned when he entered his plea.
However, appellant's failure to file a 3.170(l) motion does not bar him from raising claims of ineffective assistance of counsel or claims that affected the voluntariness of his plea. Dooley v. State, 789 So.2d 1082 (Fla. 1st DCA 2001).
Nevertheless, we agree that appellant's motion should have been dismissed because he did not demonstrate prejudice. In his request for relief in the trial court, appellant did not ask to withdraw his plea and he did not indicate where in his motion or supporting memoranda of law he alleged that but for counsel's deficiencies or the state's alleged Brady violation, he would not have entered a plea and would have elected to go to trial. Hill, supra; Taylor v. State, 848 So.2d 410, 412 (Fla. 1st DCA 2003).
Florida Rule of Criminal Procedure 3.850(c)(6), requires the post-conviction motion to include a "brief statement of the facts (and other conditions) relied on in support of the motion." Appellant's motion and supporting memoranda of law are excessively verbose. The memoranda of law are not simply a discussion of relevant case law, but an exceedingly long and repetitious discussion of the facts supporting his claims. Because he did not paginate his memoranda of law, we can only estimate that the filing exceeds 250 pages.[1] Considering that Gidney entered a plea in this case and that the issues he raises are not complex, his excessive motion is an abuse of procedure. There is no reason it should take several hundred pages for him to explain his claims.[2]
We affirm the trial court's order without prejudice for appellant to file, in the time remaining under rule 3.850(b), a rule 3.850 motion that succinctly states the facts relied on to support his motion and that sufficiently demonstrates prejudice.
Appellant should be aware that if he successfully moves to withdraw his plea, the state can try him on all of the original charges, including the three counts of capital sexual battery, which would require a sentence of life in prison if he is convicted. §§ 794.011(2)(a), 775.082(1), Fla. Stat.
GUNTHER, STONE and SHAHOOD, JJ., concur.
NOTES
[1] By way of comparison, we note that post-conviction motions in death penalty cases cannot exceed 75 pages. Fla. R.Crim. P. 3.851(e)(1).
[2] In addition to his excessive post-conviction motion, Gidney has filed a 176-page initial brief, a 22-page supplement to the initial brief, a 51-page second supplement to the initial brief and additional documents or pleadings in this court. He acknowledges that he has filed more than 500 pages worth of facts and law in the circuit court and this court.