958 So.2d 531 (2007)
Jeffry SCHWENN, Appellant,
v.
STATE of Florida, Appellee.
No. 4D06-3680.
District Court of Appeal of Florida, Fourth District.
June 6, 2007.
*532 Jeffry Schwenn, Blountstown, pro se.
Bill McCollum, Attorney General, Tallahassee, and Claudine M. LaFrance, Assistant Attorney General, West Palm Beach, for appellee.
STONE, J.
Schwenn appeals the trial court's summary denial of his rule 3.850 motion for post-conviction relief.
In a sixty-seven page motion, Schwenn raised multiple claims of ineffective assistance of counsel. The state, in its response, argued that the trial court should deny relief, on technical grounds, primarily the length of the motion, without prejudice to re-file the motion. The state suggested that the court should instruct Schwenn to review rule 3.850(c), which requires a brief statement of facts. The state argues that Schwenn's sixty-seven page motion exceeded even the limits for an appellate brief.
The trial court order denied post-conviction relief for the reasons stated in the response. It, thus, appears to deny relief because of the length of the motion. We reverse.
Schwenn argues that, as rule 3.850 does not contain a page limit for motions, the trial court should have ruled upon the merits of his motion. Nothing in rule 3.850 contains a similar limitation to that contained in rule 3.851, which explicitly imposes a seventy-five page limit to a motion for collateral relief after a death sentence is imposed. See Fla. R.Crim. P. 3.851(e)(1).
Patently, Florida Rule of Appellate Procedure 9.210, imposing a fifty page limit to appellate briefs, does not apply to a rule 3.850 motion. However, the question remains whether the trial court has discretion to impose a page limit on such a motion.
In Gidney v. State, 925 So.2d 1076 (Fla. 4th DCA 2006), we upheld the dismissal of Gidney's motion without prejudice for Gidney to re-file a sufficient claim where his motion and memoranda of law were "excessively verbose." Id. at 1077. However, the circumstances here are clearly not as egregious as those in Gidney. Gidney filed a memoranda of law that did not number the pages, and the court estimated that it exceeded 250 pages. Id. Furthermore, Gidney also filed a 176-page initial brief, a twenty-two page supplement to the initial brief, a 51-page second supplement to the initial brief, and additional documents with this court. Id. at 1077 n. 1. Schwenn's motion, by contrast, is typed, with fourteen point font and one inch margins and apparently contains a reasoned discussion of the relevant case law. Schwenn was also sentenced to nine consecutive life sentences. In Gidney, on the other hand, the appellant entered into a plea, and his claims were uncomplicated.
While Schwenn's motion may not rise to the excessive level of Gidney, we conclude that a trial court has authority to place reasonable page limitations on such filings. *533 In its response to this court's show cause order, the state notes that six pages of the motion were a discussion of the standard of review and claims four and five may be redundant.
In Henry v. State, 937 So.2d 563 (Fla. 2006), the supreme court recognized that district courts "may impose reasonable page limits on petitions for extraordinary writs." Id. at 575-76; see also Basse v. State, 740 So.2d 518 (Fla.1999). In Basse, the Second District struck a petition below and ordered the petitioner to file an amended petition that did not exceed fifty pages, citing to rule 9.210(a)(5). Id. at 519. Basse filed a petition for writ of prohibition in the Florida Supreme Court, arguing that rule 9.210(a)(5) applies only to appellate briefs, and there is no page limitation for extraordinary writs. Id.
The Basse court recognized that there was no page limitation in the rules for extraordinary writs, but stated that a lower court could impose a reasonable page limit on a petition for extraordinary writ. Id. The court agreed that rule 9.210(a)(5) could serve as a reasonable benchmark from which a district court could derive its fifty page limit. Id. at 520. The court also held that the petitioners must be given an opportunity to show good cause for filing a longer petition, just as longer briefs may be permitted by courts. Id.
We can discern no reason why rule 9.210(a)(5) cannot also be used as a benchmark for a trial court's restricting a post-conviction motion to fifty pages absent a showing of good cause for filing a longer motion. We conclude that, here, the trial court's alternatives, if the motion was excessive, were to dismiss Schwenn's motion with leave to amend, or issue an order to show cause why the motion should not be dismissed without prejudice.
In Bryant v. State, 901 So.2d 810 (Fla. 2005), the circuit court entered an order striking Bryant's 3.851 motion. When Bryant re-filed his 3.851 motion, the circuit court determined that it did not have jurisdiction over the motion because it was untimely filed. Id. at 816. The supreme court noted that trial courts can strike or dismiss post-conviction motions when they fail to comport with pleading requirements, but that a trial court, when dismissing, should grant the party leave to amend. Id. at 818. If a motion is dismissed or stricken with leave to amend, then the amendment would relate back to the original motion and would be timely. See id.
We do not decide, here, whether Schwenn's motion meets a test for allowing extended pages. Rather, we conclude that it was an abuse of discretion to deny relief without considering the merits of the motion. The proper procedure is to order the movant to show cause why the motion should not be dismissed for abuse of a reasonable page limit or to dismiss the motion without prejudice to amend. Accordingly, we reverse the order and remand for the trial court to either resolve the motion, as filed, on the merits or to consider the alternatives provided above.
GUNTHER and HAZOURI, JJ., concur.