PER CURIAM.
 

 We affirm the trial court’s summary denial of appellant’s motion for postconviction relief. Appellant entered a negotiated plea to three third-degree felony counts and was placed on probation. His motion generally alleged that counsel performed deficiently and provided misadvice.
 
 [1]
 
 Our review of the record reveals that counsel negotiated a very favorable plea bargain for appellant and that the factual basis was sufficient.
 

 The motion fails to specifically identify how counsel’s performance fell below that of reasonably competent counsel and fails to demonstrate that but for counsel’s deficient performance appellant would not have entered the plea and would have insisted on going to trial.
 
 See Grosvenor v. State,
 
 874 So.2d 1176, 1179 (Fla.2004). Appellant should be afforded at least one opportunity to amend the facially insufficient motion if he can do so in good faith.
 
 Spera v. State,
 
 971 So.2d 754, 762 (Fla.2007).
 

 Accordingly, affirmance is without prejudice for appellant to file a facially sufficient motion within thirty (30) days of the date of this court’s mandate if he can do so in good faith. Appellant is advised that, if successful in collaterally attacking his plea, he will again be facing five years in prison on each count including the one-year mandatory minimum terms of incarceration he
 
 *1258
 
 was facing on two of the counts.
 
 [2]
 

 POLEN, STEVENSON and TAYLOR, JJ., concur.
 

 [1]
 

 . The motion included allegations about financial and civil matters which are not grounds for postconviction relief. Also, the motion attempted to go behind the plea to raise issues that were known at the time the plea was entered which is not permitted.
 
 Stano v. State,
 
 520 So.2d 278 (Fla.1988);
 
 Gid-
 
 
 *1258
 

 ney v. State,
 
 925 So.2d 1076 (Fla. 4th DCA 2006).
 

 [2]
 

 . The negotiated plea called for a sanction below the 64.05 months in prison which was the minimum permissible sentence under the CPC scoresheet. A basis for a downward departure does not appear to have been given.
 
 See
 
 § 921.00265(1), Fla. Slat. (2003). Absent a downward departure, the court would be required to impose this sentence if appellant is convicted as charged.