WARNER, J.
 

 We affirm the trial court’s summary denial of appellant’s motion for postconviction relief, as all of the issues raised in appellant’s 105-page motion are conclusively refuted by the plea colloquy and other proceedings in this case. We also write to request that the Florida Supreme Court consider a page limitation on post-conviction motions.
 

 Ezer entered a plea in four felony cases: 96-15415CF10A, possession of cocaine and attaching unauthorized automobile tag; 99-8694CF10A, burglary of a dwelling; 00-9168CF10A, trafficking in oxycodone, resisting an officer without violence, and driving while license suspended; and 00-13199CF10A, burglary of dwelling and two counts of uttering a forged instrument. The record contains a copy of the plea hearing.
 

 Ezer entered into a substantial assistance agreement with the state, and the prosecutor detailed the terms of the agreement on the record. Sentencing was deferred for 90 days during which Ezer was to assist police in making drug-related arrests. If the state found that Ezer had met his obligation by sufficiently assisting police, the prosecutor would recommend a sentence below the 15-year mandatory minimum required for the trafficking offense and below the 78.6 months which was the minimum permissible sentence under the scoresheet.
 

 Ezer did not provide any assistance to police and absconded from the State of Florida. He did not appear at his January 2001 sentencing hearing. He was apprehended in New Jersey in April 2005 and extradited back to Florida. Before sentencing, Ezer, through privately-retained attorneys, filed two motions to withdraw his pleas based upon claims of mental disability, coercion, and ineffective assistance of counsel. The motions were denied after
 
 *1177
 
 an evidentiary hearing, and the court imposed the mandatory minimum 15-year term on the trafficking count, as well as concurrent sentences of 78.6 months on other felony counts. On direct appeal, this court affirmed without opinion the trial court’s denial of the motions to withdraw the pleas.
 
 Ezer v. State,
 
 973 So.2d 458 (Fla. 4th DCA 2008).
 

 Thereafter, Ezer filed a motion for post-conviction relief raising 11 claims in a 105-page motion. The trial court summarily denied relief, attaching the plea colloquy and the evidentiary hearing on the presen-tencing motions to withdraw the pleas as part of the record incorporated in its order.
 

 All of the claims alleging ineffective assistance of counsel, or raising issues as to Ezer’s mental competency, are fully refuted by the lengthy and comprehensive plea colloquy which the trial court originally conducted on this case and the evidence that the court heard on the motions to withdraw the pleas. Some of the claims have already been litigated and rejected in the direct appeal, and others regarding medication Ezer was taking at the time of the plea colloquy are conclusively refuted by his sworn statements during the plea colloquy. A defendant cannot go behind his sworn assertions in a plea colloquy and allege that psychotropic drugs rendered him incapable of entering a plea.
 
 Iacono v. State,
 
 930 So.2d 829 (Fla. 4th DCA 2006). The plea colloquy should not be rendered a meaningless charade.
 
 Scheele v. State,
 
 953 So.2d 782, 785 (Fla. 4th DCA 2007).
 

 Assuming that Ezer’s answers were incorrect at the plea colloquy and were actually a manifestation of his alleged incapacitated state, this issue was litigated and resolved in the motions to withdraw pleas on which he had a full evidentiary hearing prior to sentencing. In sum, we find all of his complaints completely lacking in merit.
 

 He also challenges his conviction for trafficking in oxycodone, claiming that section 893.135(l)(e)l. is unconstitutional because it punishes the possession of oxy-codone or “any mixture containing” oxyco-done. In
 
 Paey v. State,
 
 943 So.2d 919, 926-27 (Fla. 2d DCA 2006), the court rejected this same argument and noted that the Florida Supreme Court in
 
 State v. Travis,
 
 808 So.2d 194 (Fla.2002), held that the weight of the entire mixture of the oxycodone tablets should be considered when determining whether the trafficking weight is met.
 

 Finally, Ezer complains that the disposition sheet for his case indicates that he was convicted of burglary of an occupied dwelling. He argues that the Department of Corrections has classified him based on the “occupied” dwelling charge which is considered a “violent crime” as opposed to burglary of an unoccupied dwelling which is allegedly not considered violent. Ezer’s judgments reflect convictions for burglary of a dwelling under section 810.02(1). The judgments do not indicate that the dwelling was occupied. Burglary of a dwelling is a second-degree felony regardless of whether the dwelling was occupied.
 
 See
 
 § 810.02(3)(a), (b), Fla. Stat. (2000). If the DOC is denying him eligibility for programs based on an incorrect classification of his offense, then Ezer needs to raise that issue administratively and pursue any other available remedies. He has not stated a cognizable claim for postconviction relief on this ground.
 

 We also note that this excessively lengthy motion
 
 from a conviction entered following a plea
 
 demonstrates why a strict page limitation should be imposed on rule 3.850 motions.
 
 See Hedrick v. State,
 
 6 So.3d 688 (Fla. 4th DCA 2009) (discussing
 
 *1178
 
 the need for a page limitation on rule 3.850 motions and citing case law from other states which impose 10 and 20-page limitations). Trial courts currently have discretion to dismiss excessively lengthy motions and set page limitations, but no rule of procedure currently imposes a specific page limitation.
 
 See Gidney v. State,
 
 925 So.2d 1076 (Fla. 4th DCA 2006) (commenting on an estimated 250-page post-conviction relief motion);
 
 Schwenn v. State,
 
 958 So.2d 531 (Fla. 4th DCA 2007) (explaining that trial court has authority to place page limitations on post-conviction filings and 50 pages is a reasonable benchmark).
 

 Florida Rule of Criminal Procedure 3.851(e) places a 75-page limit on
 
 death penalty
 
 postconviction motions. If the far more complicated and consequential death penalty postconviction relief motions are page-limited, then why can a defendant with a considerably shorter sentence with vastly fewer issues be able to file much longer motions? For the trial and appellate courts, this is an important workload issue, as the number of postconviction relief motions continues to grow. The supreme court should act to limit the motions filed in rule 3.850 and rule 3.800 cases.
 

 POLEN and TAYLOR, JJ., concur.