PER CURIAM.
 

 We affirm the circuit court’s denial of the appellant’s motion for postconviction relief filed pursuant to Florida Rule of Criminal Procedure 3.850. We further direct that a certified copy of this opinion be forwarded to the appropriate institution or facility for disciplinary procedures against the appellant. We write to address the abusiveness of the appellant’s motion.
 

 The appellant’s fifty-two page motion purported to raise four grounds for relief. The appellant, however, divided two of the grounds into subparts and then into more subparts. In some subparts, every sentence raised another claim. We conservatively estimate that the appellant raised at least thirty-five separate claims.
 

 At the evidentiary hearing on the motion, the attorney appointed to represent the appellant could not address all of the claims. The appellant testified that a fellow inmate prepared the motion for him. Ultimately, the appellant did not carry his burden of proof at the hearing.
 
 See Pennington v. State,
 
 34 So.3d 151, 154 (Fla. 1st DCA 2010) (the defendant has the burden of proof at an evidentiary hearing on a
 
 *1046
 
 rule 3.850 motion). The circuit court denied the motion in a twenty-two page order. The appellant challenges the denial of each of his claims.
 

 We have considered each of the appellant’s claims and find that none of the claims, alone or together, has merit. The motion raised so many frivolous claims that addressing them in this opinion would be an unworthy use of our resources. In short, the motion was a clear abuse of the postconviction relief process.
 

 This is not the first time we have seen such a motion or have written of this problem.
 
 See, e.g., Hedrick v. State,
 
 6 So.3d 688 (Fla. 4th DCA 2009). Postcon-viction abuse damages the justice system and impedes remedies for those whose cases merit relief. As we stated in
 
 Hed-rick,
 
 “[a] legitimate claim that may merit relief is more likely to be overlooked if buried within a forest of frivolous claims.”
 
 Id.
 
 at 691;
 
 see also Jones v. State,
 
 449 So.2d 253, 258-59 (Fla.1984) (“The right of self-representation is not a license to abuse the dignity of the courtroom.
 
 Neither is it a license not to comply with relevant rules of procedural and substantive law.”)
 
 (citation omitted).
 

 We remind circuit courts that, when faced with an excessive motion, they may dismiss the motion with leave to amend or issue an order to show cause why the motion should not be dismissed without prejudice.
 
 Schwenn v. State,
 
 958 So.2d 531, 533 (Fla. 4th DCA 2007). Courts also may avail themselves of the remedy provided in section 944.279(1), Florida Statutes:
 

 At any time, and upon its own motion or on motion of a party, a court may conduct an inquiry into whether any action or appeal brought by a prisoner was brought in good faith. A prisoner who is found by a court ... to have brought a frivolous or malicious collateral criminal proceeding, which is filed after September 30, 2004, ... is subject to disciplinary procedures pursuant to the rules of the Department of Corrections. The court shall issue a written finding and direct that a certified copy be forwarded to the appropriate institution or facility for disciplinary procedures pursuant to the rules of the department as provided in s. 944.09.
 

 § 944.279(1), Fla. Stat. (2009). Possible sanctions include the forfeiture of gain-time.
 
 See
 
 § 944.28(2)(a), Fla. Stat. (2009) (“All or any part of the gain-time earned by a prisoner ... is subject to forfeiture if such prisoner ... is found by a court to have brought a frivolous suit, action, claim, proceeding, or appeal in any court....”). Sanctions also may be levied upon inmate law clerks who prepare frivolous pleadings.
 
 See generally
 
 Fla. Admin. Code R. 33-501.301(7) (2009).
 

 In short, given the possibility of sanctions, prisoners should “stop and think” before filing frivolous collateral criminal challenges or appeals.
 
 See Spencer v. Fla. Dep’t of Corr.,
 
 823 So.2d 752, 756 (Fla.2002) (“Any effect these statutes have to cause an inmate to ‘stop and think’ before filing a frivolous lawsuit is not unconstitutional.”).
 

 Here, because we find that the appellant’s motion and this appeal were frivolous, we direct that a certified copy of this opinion be forwarded to the appropriate institution or facility for disciplinary procedures.
 

 We also suggest that the Florida Bar’s criminal rules committee and our supreme court consider amending Florida Rule of Criminal Procedure 3.850, and that the Department of Corrections consider amending Florida Administrative Code Rule 33—501.301(7)(i)(2), to require a post-conviction movant to identify the person
 
 *1047
 
 who prepared the motion on the movant’s behalf so that the Department may discern and sanction any other person responsible for filing frivolous motions.
 

 Affirmed.
 

 TAYLOR, HAZOURI and GERBER, JJ., concur.