ALTENBERND, Judge.
 

 Seadrick Moore appeals an order dismissing his timely motion for postconviction relief that was filed pursuant to Florida Rule of Criminal Procedure 3.850. The order dismissed his motion with leave to file an amended motion within thirty days, and then informed him that he also had the right to appeal the order within thirty days. Mr. Moore chose to appeal the order and this court does not know whether he also filed an amended motion.
 

 This court has previously held that it is improper to inform a defendant of a right to appeal when the order is a nonfinal order authorizing an amended motion.
 
 See Wooten v. State,
 
 36 So.3d 187 (Fla. 2d DCA 2010). We must dismiss this appeal as an appeal from a nonfinal, nonap-pealable order. On remand, Mr. Moore shall have thirty days from the issuance of mandate to file an amended motion.
 

 We comment that Mr. Moore filed his motion in October 2008. He filed it using the standard twelve-page form. He carefully typed the form and added about seventy pages of double-spaced typed material. The materials are lengthy because Mr. Moore carefully typed out all portions of the record that he thought were relevant to his claim, and he also included a legal memorandum within the motion itself.
 

 The material contained one ground alleging ineffective assistance of counsel, describing five instances of ineffective assistance. In ground 1(B), he claims that he was offered a sentence of 27.6 months’ imprisonment by the State and that his attorney convinced him to reject the offer, resulting in a sentence of thirty years. It appears likely that a hearing will be re
 
 *912
 
 quired on this ground. It contained a second ground alleging fundamental error. The second ground is legally insufficient on its face because fundamental error is not a basis for postconviction relief.
 
 See Hughes v. State,
 
 22 So.3d 132 (Fla. 2d DCA 2009),
 
 review dismissed,
 
 29 So.3d 291 (Fla.2010).
 

 Nineteen months after Mr. Moore filed this motion, the trial court entered this order claiming that the eighty-one-page motion was too long and that the trial court had the right to impose a reasonable limit. For his “convenience,” the court attached the model form — which Mr. Moore had already used to file his motion nineteen months earlier. It then informed him that a reasonable length for his motion could not exceed fifteen pages, when the form itself, without content, is twelve pages in length. We note that both the Florida Supreme Court and the Fourth District Court of Appeal have recognized that a fifty-page limit on initial motions and petitions filed in court, unless the rules provide differently, is a reasonable limit unless good cause is shown justifying a higher limit.
 
 See Basse v. State,
 
 740 So.2d 518 (Fla.1999);
 
 Schwenn v. State,
 
 958 So.2d 531 (Fla. 4th DCA 2007).
 

 We realize that prisoners sometimes file motions that are too long, but currently there are no standard forms to help them file shorter motions that contain all the necessary allegations. Likewise, they often file legal memoranda that have little value to the court. Unfortunately, they often have no access to computers and file handwritten pleadings that are extremely hard to read. Mr. Moore’s pleading was well organized and relatively easy to read. While it does require at least thirty minutes to read the document, we are inclined to believe that the trial court could have adequately reviewed and resolved this motion in the many months that it was pending in that court.
 

 Presumably, if Mr. Moore obeys the trial court’s nonfinal order, the new motion will be little more than the headings he provided in his first motion. It will then be incumbent on the trial court to prepare an order with attachments to flesh out his claims and refute them if that can be done without a hearing. We are not convinced that the trial court’s methods are either efficient or effective in this context.
 

 Appeal dismissed.
 

 NORTHCUTT and WALLACE, JJ„ Concur.