# FIRST DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

No. 1D18-2314

_____

JAMICHEA ZIEGLER,

    Appellant,

    v.

STATE OF FLORIDA,

    Appellee.

_____

On appeal from the Circuit Court for Duval County.
Mark Borello, Judge.

November 1, 2019


PER CURIAM.

Jamichea Ziegler appeals an order dismissing his motion for postconviction relief with prejudice. Because Ziegler failed to comply with multiple court orders and Florida Rule of Criminal Procedure 3.850(d), we affirm.

Two years after his 2014 conviction for attempted second-degree murder and possession of a firearm by a convicted felon, Ziegler filed his first motion for postconviction relief. He then filed two amended motions. He also moved twice for leave to exceed the 50-page limit on such motions set forth in rule 3.850(d). The court dismissed Ziegler's amended motions as facially insufficient for failing to comply with rule 3.850(d), and it denied his motions for

leave to exceed the 50-page limit. However, Ziegler was granted leave to file an amended motion.

Ziegler filed four more amended motions, raising 33 grounds for relief in the first motion, 32 grounds in the second, 33 grounds in the third, and 42 grounds in the fourth. The postconviction court found that the first three motions were voluntarily dismissed and dismissed the fourth motion for an insufficient oath. Still, the court granted Ziegler another chance to amend his postconviction motion pursuant to *Spera v. State*, 971 So. 2d 754 (Fla. 2007). But the court included in its order a warning that Ziegler would not be permitted to write his motion in a way to defeat the 50-page limitation in rule 3.850(d), and that he should comply with the margin, line-spacing, and legibility requirements of the rule.

Ziegler then moved to add an oath to his fourth postconviction motion that had been dismissed for lack of an oath. Ziegler indicated that he wanted to rely on the grounds raised in that motion. He declined the opportunity to file an amended motion or re-submit his previous motion.

The court dismissed Ziegler's amended motion with prejudice as an abuse of process. The court found that Ziegler drafted the motion in a manner that violated the requirements for legibility, margins, line spacing, and page limits in rule 3.850(d). The rule requires motions to be "typewritten or hand-written in legible printed lettering, in blue or black ink, double-spaced, with margins no less than 1 inch on white 8 1/2 by 11 inch paper." Fla. R. Crim. P. 3.850(d). It also provides that "[n]o motion, including any memorandum of law, shall exceed 50 pages without leave of the court upon a showing of good cause." *Id.*

The Second District explained in *Al-Hakim v. State*, 87 So. 3d 836, 838 (Fla. 2d DCA 2012), that a handwritten motion containing an excessive number of lines per page could be dismissed as illegible or, depending on the number of pages, as violative of the length limitations. The court further explained:

The clear intent of the amendment to rule 3.850(c)[1] was to relieve judges and their staffs from the burden of sifting through overlong and illegible motions. Before the amendment, the Fourth District in *Ezer v. State,* 10 So.3d 1175, 1177 (Fla. 4th DCA 2009), reviewed an "excessively lengthy motion" and declared that "a strict page limitation should be imposed on rule 3.850 motions." In the same vein, the Fourth District lamented that "[t]he laudable goals of post-conviction relief are lost when defendants abuse the process" by filing extremely long motions. *Hedrick v. State,* 6 So.3d 688, 691 (Fla. 4th DCA 2009). By imposing a limit of fifty pages of specified size with explicit margins, the amendment tackled that problem. Like the margin requirement, double-spacing prevents evasion of the length limit by compression of an overlong motion into the required number of pages.

*Id.*

Here, when it dismissed Ziegler's postconviction motion and granted leave to amend, the court specifically instructed Ziegler to write legibly, and comply with the page limit, margin, and line-spacing requirements of rule 3.850(d). Despite the court's order, Ziegler chose not to amend his motion. Instead, he relied on his earlier-filed motion that was 49 pages long and contained 42 grounds for relief. The handwritten text is very small and illegible at times. Each page typically includes 40-50 lines of text[2] and the margins throughout the motion are typically less than 1 inch.[3] If

---

[1] 3.850(d), formerly subsection (c), became effective on July 1, 2011.

[2] A properly-formatted brief would include approximately 20 lines of text.

[3] Attached is a page from Ziegler's 49-page motion.

## Ground 1

Fraud on the court - denial of defendants due process right to transcript and right to appeal through spoilation of the record, and fraudulent concealment by providing altered transcripts to defendant and higher courts (D.C.A) to remove meritous issues for relief in violation of Article 1 section 2 and 9 Fla. const and U.S.C.A const amend 5 and 14 Due process rights

Supporting facts: The following sections of defendants transcripts have been deliberately changed

1. The record page 9 on record 3 have been changed removing where the state informed defense and court the victim did not make no statements and there was no favorable evidence or remuneration. Into the state falsely stating she provided the victim statement. Proof defendant mention the subject again about when state states there was no victim statements R2.274 and defense counsel inform statements was provided at last minute R2.277 to which prior to trial, and after state denied statements exist counsel informed court defendant possessed all discovery at that time

2) R3.26 is changed and add ms. sanders, mr. Rodgers, officer fox on list as witnesses

3) R3.141-144 have mostly been altered concerning 911 call where defense counsel did not debate with state over introduction of 911call. He only objected at defendants request and never sighted any logic why nor did state present no details how 911 call was an excited utterance.

4) R3.152-163 nelson hearing is mostly altered with the major errors that support defendants ineffective assistance of counsel claims removed where on page 152 line 5-7 blantantly remove defendants assertion that he didn't get to hear Jamilla sanders 911 call nor Anonymous 911 call or see ms.orquric sworn statement DVD, yard surveillance nor any DVD or 911 call nor victim statement or statements and allegations ms.Dona Ross and felisha felten said was in discovery. further, this record remove when Tammy phy [?] for defense admitted not allowing defendant to hear or inspect no 911 calls or DVDs. It remove defendant speaking on the fact there was 2 911 calls where one was ms. sanders and one from unidentified male. Dona p Ross was not known as a witness and her name is changed

5) There was no direct examination nor cross-examination of kimberly burren because no kimberly burren was never at defendants trial as in false record R4.236-243, and no one came to authenticate 911 call period in violation of 90.901 and this is proven where a different 911 call in closing argument is not authenticated either.

6) John avalos never stated incident happened at 11:37 (R4          ) nor didn't officer fox!          'and

7) Michea Rodgers admitting the time on video as 11:37 was false and the surveillance video never displayed no actual clock time. This is why the state informed jury she was rewinding and fast forwarding in seconds not time see R on R5.376 . Also, the state made an entire argument doing time the video played. Pointing out there go's the defendant and stating "see the gun in his hand while pointing to the video where no gun could be seen and now the entire section of the states misconduct and argument gave for presenting the video is gone. (R4.257)

8) Defendant testimony that ms.orquric threatened him to get a guy named "Ray" to hurt him and that ms.orquric bring "Jay" to harm him and he shot defendants brother is removed entirely from defendants testimony every time he explained this but, proof he explained so is in closing argument where defense counsel recaop # assertion.

9) When the state asserted "You know that's your brother Jamaine Ziegler whom made the 911 call on the way to the hospital is removed from cross examination of defendant by state to hide the misconduct

Fraud on the court: - occurs, such as may warrant relief from Judgment, where it can be demonstrated, clearly and convincingly, that party has sentiently set in motion some unconscionable # scheme calculated to interfere with Judicial systems ability impartially to adjudicate matters. Ex fabrication of evidence, hampering the presentation of the opposing party's claim or defense. In this case the state first presented false evidence, witnesses and testimony at trial of 911 calls see supporting facts on pages 36 1-8 and grounds 27-38 . Then some effort to prevent defendant from In an effort to prevent defendant from appealing the errors the state and court provided false transcript changing entire arguments, adding witnesses, and removing meritous claims to derail his appeal. for this reason all changes is not known to list and defendant seek a correct record.

the motion had been drafted with the required margins and line-spacing, it would easily exceed the 50-page limit. Based on these violations of rule 3.850(d) and its earlier orders, the postconviction court dismissed Ziegler's postconviction motion.

The record shows that the court gave Ziegler multiple opportunities to amend his postconviction motion and warned him at least two times to comply with rule 3.850(d). Because Ziegler refused to comply with the rule, the court did not abuse its discretion in dismissing the postconviction motion with prejudice.

AFFIRMED.

B.L. THOMAS, ROWE, and OSTERHAUS, JJ., concur.

_____

***Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.***

_____

Jamichea Ziegler, pro se, Appellant.

Ashley Moody, Attorney General, Tallahassee, for Appellee.