993 So.2d 133 (2008)
Jeffrey KOSZEGI, Appellant,
v.
STATE of Florida, Appellee.
No. 2D08-489.
District Court of Appeal of Florida, Second District.
October 22, 2008.
*134 LaROSE, Judge.
Jeffrey Koszegi, pro se, appeals the postconviction court's disposition of his rule 3.850 motion. See Fla. R.Crim. P. 3.850. He is serving a five-year prison sentence after pleading no contest to trafficking in illegal drugs and possession of cocaine. Mr. Koszegi did not file a direct appeal. We reverse.
The postconviction court denied ground three of the postconviction motion on its merits and dismissed grounds one, two, and four as facially insufficient. It did not specifically provide Mr. Koszegi with an opportunity to correct the deficiency. The postconviction court must give the defendant at least one opportunity to correct facially deficient postconviction claims. Spera v. State, 971 So.2d 754, 761 (Fla. 2007). The purpose of this requirement is to limit postconviction claims to a single proceeding, resulting in a single final order disposing of all claimsthose raised or that could have been raisedon their merits. Lawrence v. State, 987 So.2d 157, 158-59 (Fla. 2d DCA 2008).
The postconviction court should have issued a nonfinal order striking grounds one, two, and four of the motion with leave to amend within a reasonable period. Accordingly, we reverse the order on appeal and remand for the entry of such an order. If Mr. Koszegi does not amend his motion, the court may enter a final order that is a disposition on the merits of all claims. If he files an amendment, the court should consider the amended claims and rule on them in the final order.
Reversed and remanded.
FULMER and WHATLEY, JJ., Concur.