*903
 
 CASANUEVA, Chief Judge.
 

 Kevin Piper appeals the summary denial of his motion for postconviction relief filed pursuant to Florida Rule of Criminal Procedure 8.850. We affirm the denial of grounds two and four, as well as the dismissal of ground three, without comment. We reverse the denial of ground one and remand for further proceedings.
 

 Mr. Piper pleaded guilty to three counts of trafficking in methamphetamine in exchange for a total of fifteen years’ imprisonment, day for day. He did not directly appeal his judgment and sentences but timely filed this rule 3.850 motion. In ground one, Mr. Piper claimed that counsel’s ineffective assistance compelled him to enter an involuntary plea. Specifically, he alleged that he accepted the State’s offer because his counsel told him he would not go to trial without a $3000 advance payment. When he told counsel he could not afford that amount, his counsel handed him a plea form. Counsel told him that he had to sign it because “the State let their witnesses go and the Court would be mad and sentence him to 45 to 90 years.” Mr. Piper asserted that the “factual scenario clearly impaired the volun-tariness of defendant’s decision to plea, instead of proceeding to a jury trial on this matter.” The motion contained an oath signed by an unknown person “For KP /s/.”
 

 The postconviction court adopted most of the State’s response in denying this ground, providing two reasons. First, the postconviction court correctly noted that the oath is insufficient. The purpose of the oath is to subject the petitioner to the penalties of perjury should he knowingly misstate the facts.
 
 See State v. Shearer,
 
 628 So.2d 1102 (Fla.1993). An oath signed by a person who is not the postconviction movant is generally insufficient to subject the movant to perjury if he alleged any falsities.
 
 [1]
 

 Second, the postconviction court determined that the ground was “procedurally barred as raising defenses that [Mr. Piper] knew of and waived as a result of his plea under oath.” Relying upon
 
 Gidney v. State,
 
 925 So.2d 1076, 1077 (Fla. 4th DCA 2006), the court held that this ground was an attempt to go behind his plea and that he signed the written plea form, which stated that he had not been coerced into his decision.
 

 However, Gidney’s breadth is not quite so broad. In that case the Fourth District held that the defendant was prohibited from raising three of his claims in a post-conviction motion because they were “possible defenses that he abandoned when he entered his plea.”
 
 Id.
 
 at 1077. However, Mr. Piper did not raise defenses but asserted that his counsel put him in fear of vindictive sentencing if he chose to go forward to trial. Moreover, Mr. Piper’s assertion that counsel put him in fear of a vindictive sentence from the trial court if he disregarded counsel’s advice by proceeding to trial is not refuted by the record.
 

 Consequently, we reverse the denial of this ground. As previously noted, Mr. Piper’s oath is insufficient. Additionally, he fails to sufficiently allege prejudice.
 
 See Ey v. State,
 
 982 So.2d 618, 621 (Fla.2008) (“With regard to guilty and nolo contendere pleas, prejudice is satisfied by
 
 *904
 
 demonstrating ‘a reasonable probability that but for counsel’s errors, he would not have pleaded guilty and would have insisted on going to trial.’
 
 Hill v. Lockhart,
 
 474 U.S. 52, 59, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985).”). Therefore, on remand, the post-conviction court shall issue a nonfinal order striking ground one with leave to amend within a reasonable period.
 
 See Spera v. State,
 
 971 So.2d 754 (Fla.2007);
 
 Lawrence v. State,
 
 987 So.2d 157, 158-59 (Fla. 2d DCA 2008). If Mr. Piper fails to file an amended ground with a proper oath within that period, the postconviction court may enter a final order that is a disposition on the ground’s merits. If Mr. Piper timely files an amended ground with a proper oath, the postconviction court shall consider the ground and dispose of it in a final order.
 
 See Koszegi v. State,
 
 993 So.2d 133,134 (Fla. 2d DCA 2008).
 

 Reversed and remanded.
 

 WHATLEY and LaROSE, JJ., Concur.
 

 [1]
 

 . We use the term “generally'' because there certainly may be situations in which this practice is acceptable, i.e., the movant is physically unable to sign.