LaROSE, Judge,
Concurring.
I concur in affirming the denial of Mr. Gibbs’ motion for postconviction relief. I write to emphasize what I consider to be appropriate procedures to minimize the risks of multiple appeals in postconviction cases. More specifically, I encourage postconviction courts to employ the procedures outlined in Spera v. State, 971 So.2d 754 (Fla.2007), Koszegi v. State, 993 So.2d 133 (Fla. 2d DCA 2008), and Lawrence v. State, 987 So.2d 157 (Fla. 2d DCA 2008), to ensure that, on appeal, we will have for review but one final order that disposes of all issues raised in a postconviction relief motion.
The facts underlying Mr. Gibbs’ motion are unremarkable. Mr. Gibbs was convicted of and sentenced for attempted sexual battery. We affirmed his direct appeal. See Gibbs v. State, 922 So.2d 202 (Fla. 2d DCA 2005) (table). Our mandate issued in mid-February 2006. In May 2006, Mr. Gibbs filed his motion for postconviction relief pursuant to Florida Rule of Criminal Procedure 3.850. He alleged various claims of ineffectiveness of trial counsel.
In a November 28, 2006, order, the post-conviction court denied some claims on the merits, directed the State to respond to two others, and denied two claims as facially insufficient. As to those claims, the denial was without prejudice “to timely file a facially sufficient claim.” The postcon-viction court set no deadline. The post-conviction court noted that its order was nonfinal and nonappealable.
On January 5, 2007, after receiving the State’s response, the postconviction court entered another order. It ordered an evi-dentiary hearing on one claim. As to another claim on which it had ordered a State response, it also denied portions without prejudice to timely file a facially sufficient claim. Again, the postconviction court set no deadline for an amended filing. This order, too, was nonfinal and nonappealable.
On December 19, 2007, the postconviction court entered a final order denying relief on the merits of the claim that had been submitted for an evidentiary hearing. Mr. Gibbs appealed. Apparently, he did not amend the claims identified in the November 28, 2006, and January 5, 2007, orders. It is also apparent that upon entry of the final order, the two-year window of rule 3.850(b) was open for another two months. This triggers my concern.
Conceivably, Mr. Gibbs could have filed amended claims after December 19, 2007. Had he done so, the postconviction court would have expended further effort on Mr. Gibbs’ postconviction motion. Quite likely, a further order would have been subject to appeal. Consequently, we would face multiple appeals stemming from a single rule 3.850 motion filed in May 2006.
Our record does not suggest that Mr. Gibbs ever amended or attempted to amend his claim. We are not aware that he pursued these claims in a second motion for postconviction relief below. Based on our record, I am content to assume that Mr. Gibbs abandoned those claims.
It is important to minimize the risk of multiple appeals from a motion for post-conviction relief. To that end, I think the *121 postconviction court should have specified a date by which Mr. Gibbs could file amended claims. If Mr. Gibbs filed facially sufficient claims, the postconviction court could have addressed them; if he did not, the postconviction court could have denied the claims on the merits. Importantly, the postconviction court could then have disposed of all claims in a single, final, and appealable order.
This court has recommended this procedure on more than one occasion. See Lawrence, 987 So.2d at 158-59; Koszegi, 993 So.2d at 134. Compliance with the procedure explained in those decisions would enhance the efficient processing of motions for postconviction relief at the trial and appellate levels.