WALLACE, Judge.
Marzuq Al-Hakim appeals from an order summarily dismissing his motion for postconviction relief filed in accordance with Florida Rule of Criminal Procedure 3.850. After Mr. Al-Hakim made two at *837 tempts to submit a motion to the postcon-viction court’s satisfaction, the court dismissed his supplemental motion with prejudice on the ground that Mr. Al-Hakim’s legibly handwritten motion, part of which was submitted on the form included in rule 3.987, was not double-spaced. We reverse and remand for the posteonviction court to consider Mr. Al-Hakim’s motion on the merits.
Mr. Al-Hakim’s first motion was handwritten in pencil on six pages of wide-ruled paper. Using a form order, the postcon-viction court dismissed his motion for the following deficiencies: the content of the motion was not written in blue or black ink and the content of the motion was not double-spaced. For Mr. Al-Hakim’s convenience, the court attached to its dismissal order a copy of the model form authorized by rule 3.987.
The court’s dismissal order was apparently prompted by rule 3.850(c), titled “Contents of Motion,” which was amended on July 1, 2011,[1] to include the following requirements:
Motions shall be typewritten or handwritten in legible printed lettering, in blue or black ink, double-spaced, with margins no less than one inch on white 8 1/2-by-ll inch paper. No motion, including any memorandum of law, shall exceed 50 pages without leave of the court upon a showing of good cause.
Mr. Al-Hakim moved for rehearing and informed the court that it was the policy of the Hillsborough County Jail, where he was incarcerated, to classify ink pens as contraband; therefore, he was required to submit his motion in pencil. Mr. Al-Hak-im also commented that the court’s order was not entirely double-spaced and that parts of form 3.987 were single-spaced as well. Arguing that pro se litigants are held to less stringent standards of formality than attorneys, Mr. Al-Hakim asked the court to vacate its order and consider the merits of his motion.
The postconviction court granted rehearing and determined that it would overlook the blue or black ink requirement of rule 3.850(c), but the court held steadfast to the double-spacing requirement. On this basis, the postconviction court dismissed the motion without prejudice and gave the defendant thirty days to file a facially sufficient motion in compliance with all requirements of the rule.
Within a few days of the second dismissal order, Mr. Al-Hakim refiled a supplemental motion. This pleading was written on the rule 3.987 model form, attached to which was a copy of the first motion, handwritten on lined paper. This supplemental motion did not cure the perceived deficiency in line-spacing, which was presumably to be overcome by skipping every other single-spaced line when filling in the model form. This time the court denied the motion with prejudice, declaring that its “pri- or Order could not have been clearer in instructing Defendant that, although the model form itself was single-spaced, the information Defendant provided in that form must be double-spaced.”
In our opinion, the postconviction court interpreted the rules on formatting too stringently and inappropriately applied the double-spacing requirement to handwritten submissions. As a practical matter, double-spacing is associated primarily — if not exclusively — with typewritten or computer-generated documents. The word “double-space” is defined as “[t]o type or format so that there is a full space be *838 tween lines.” The American Heritage Dictionary of the English Language 539 (4th ed. 2000). Unlike the postconviction court, we construe rule 3.850(c) to require that only typewritten documents must be double-spaced.
The clear intent of the amendment to rule 3.850(c) was to relieve judges and their staffs from the burden of sifting through overlong and illegible motions. Before the amendment, the Fourth District in Ezer v. State, 10 So.3d 1175, 1177 (Fla. 4th DCA 2009), reviewed an “excessively lengthy motion” and declared that “a strict page limitation should be imposed on rule 3.850 motions.” In the same vein, the Fourth District lamented that “[t]he laudable goals of post-conviction relief are lost when defendants abuse the process” by filing extremely long motions. Hedrick v. State, 6 So.3d 688, 691 (Fla. 4th DCA 2009). By imposing a limit of fifty pages of specified size with explicit margins, the amendment tackled that problem. Like the margin requirement, double-spacing prevents evasion of the length limit by compression of an overlong motion into the required number of pages. A quick look at Mr. Al-Hakim’s filings, however, reveals that he was not trying to squeeze excessive content into a single-spaced motion.
From our review of well over a thousand postconviction appeals in each of the past several years, this court is well aware that postconviction motions are largely handwritten by prisoners who have no access to computers or typewriters. As we acknowledged in Moore v. State, 48 So.3d 911, 912 (Fla. 2d DCA 2010), before the rule was amended, prisoners “often have no access to computers and file handwritten pleadings that are extremely hard to read.” Even after the amendment to the rule, postconviction courts maintain discretion to dismiss illegible motions if necessary. A handwritten motion containing an excessive number of lines per page could also be dismissed as illegible or, depending on the number of pages, as violative of the length limitations. But in this case, the postconviction court abused its discretion by dismissing with prejudice Mr. Al-Hak-im’s legibly handwritten six-page motion for lack of double-spacing.
Reversed and remanded for consideration of Mr. Al-Hakim’s supplemental motion on the merits.
ALTENBERND and LaROSE, JJ., Concur.

. See In re Amendments to Fla. Rules of Criminal Procedure 3.850 & 3.851, 72 So.3d 735, 739 (Fla.2011).