CASANUEVA, Judge.
Robert A. Smith appeals the order summarily denying his amended motion for postconviction relief filed under Florida Rule of Criminal Procedure 3.850. We reverse and remand with directions that the postconviction court address the merits of Mr. Smith’s amended motion.
The postconviction court struck Mr. Smith’s original rule 3.850 motion for failure to contain an oath and gave him thirty days to amend. See Piper v. State, 21 So.3d 902, 904 (Fla. 2d DCA 2009). Mr. Smith filed an amended motion, but it still failed to contain the required oath. Consequently, the postconviction court summarily denied the amended motion. Mr. Smith then filed a motion for rehearing to which he attached his amended rule 3.850 *202 motion that now contained a signed form oath. The postconviction court denied Mr. Smith’s motion for rehearing. This was an abuse of discretion under the circumstances of this case.
Generally, when a postconviction movant is given an opportunity to amend a legally insufficient motion and no amendment is forthcoming, the postconviction court may enter an order that is a disposition on the merits. See id.; Lawrence v. State, 987 So.2d 157, 159 (Fla. 2d DCA 2008). Indeed, the postconviction court cited Piper and Lawrence in denying Mr. Smith’s second motion. But when a mov-ant does file an amended motion that substantially complies with rule 3.850(c), a postconviction court should address the merits of that motion. See, e.g., Al-Hakim v. State, 87 So.3d 836, 838 (Fla. 2d DCA 2012) (reversing order dismissing legibly handwritten amended postconviction motion with prejudice for failure to be double-spaced and remanding for consideration of its merits).
Here, Mr. Smith’s motion for rehearing cured the insufficiency of his postconviction motion by providing the court with a motion that contained the proper oath. See Washington v. State, 70 So.3d 634, 634 (Fla. 1st DCA 2011) (reversing order on rule 3.800(a) motion and remanding for further proceedings because defendant’s motion for rehearing cured the deficiency of his motion); see also Golden v. State, 509 So.2d 1149, 1151 (Fla. 1st DCA 1987) (holding that defendant’s motion for rehearing supplied the information missing from his original postconviction motion in sufficient detail to meet the substantial compliance standard for motions filed under rule 3.850). And Mr. Smith was still within the two-year time limit for filing rule 3.850 motions.
In addition to denying Mr. Smith’s motion for rehearing, the postconviction court dismissed his amended motion for postconviction relief as successive. But Mr. Smith’s motion could not be dismissed as successive because the merits of his prior motion had never been addressed by the court. See Fla. R.Crim. P. 3.850(f) (providing for the dismissal of a second or successive motion if a prior determination was on the merits).
Postconviction relief proceedings must provide meaningful access to the judicial process, Kokal v. State, 901 So.2d 766, 777 (Fla.2005), and resolution of a case on the merits is preferred. When, as here, a postconviction movant cures the motion’s procedural deficiency before the time for filing has expired and before the disposition is final, the postconviction court abuses its discretion in failing to address the merits of the motion.
Accordingly, we reverse the order denying Mr. Smith’s motion for rehearing and dismissing his amended postconviction motion and remand with directions that the postconviction court address the merits of Mr. Smith’s rule 3.850 motion.
Reversed and remanded.
ALTENBERND and DAVIS, JJ., Concur.