WALLACE, Judge.
Tonya Adams appeals from the postcon-viction court’s order dismissing her motion for postconviction relief filed in twenty-one cases below.[1] We reverse the order on review because the postconviction court erroneously concluded that Ms. Adams’ motion exceeded the page limitation established by Florida Rule of Criminal Procedure 3.850(c).
Ms. Adams filed a timely motion for postconviction relief in the underlying cases on October 19, 2011, asserting five *1142 claims of ineffective assistance of trial counsel as grounds for relief. On November 3, 2011, after concluding that the motion exceeded fifty pages in violation of rule 3.850(c), the postconviction court entered an order dismissing the motion without prejudice to Ms. Adams’ filing an amended motion. The postconviction court observed in its order that Ms. Adams’ motion is thirteen pages long. But in calculating the overall length of her motion, the postconviction court counted 277 pages in exhibits that Ms. Adams had attached to her motion. The court found that the entire motion, including the exhibits, is 290 pages long and thus exceeds the fifty-page limit under rule 3.850(c).
We conclude that the postconviction court erred in determining that Ms. Adams’ motion exceeds the page limit under rule 3.850(c). Rule 3.850(c) provides in pertinent part that “[no] motion, including any memorandum of law, shall exceed 50 pages without leave of the court upon a showing of good cause.” The body of Ms. Adams’ motion is only thirteen pages, and she did not file a memorandum of law in support of her motion. Thus the motion complies with rule 3.850(c).
The postconviction court erroneously included the exhibits attached to Ms. Adams’ motion in determining that the overall length of her motion is 290 pages. While rule 3.850(c) includes memoranda of law in the page calculation, the plain language of the rule does not include exhibits in the page calculation. Moreover, the majority of the exhibits that Ms. Adams attached to her motion are portions of the record in the underlying twenty-one cases.[2] Ms. Adams cites to the record attachments in her motion in support of factual assertions she makes in her motion, much in the same way as a litigant would include record citations in a brief. Ms. Adams does not incorporate the exhibits into the body of her motion, and the exhibits do not provide additional argument in support of her claims. Thus, by attaching the exhibits to the motion, Ms. Adams did not attempt to squeeze excessive content into her motion in violation of the page limitation under rule 3.850(c). See Al-Hakim v. State, 87 So.3d 836, 838 (Fla. 2d DCA 2012) (observing that “[a] quick look at Mr. Al-Hakim’s filings ... reveals that he was not trying to squeeze excessive content into a single-spaced motion”).
We recently noted in Al-Halcim that “[t]he clear intent of the amendment to rule 3.850(c) was to relieve judges and their staffs from the burden of sifting through overlong and illegible motions” and that “[b]y imposing a limit of fifty pages of specified size with explicit margins, the amendment tackled that problem.” Id. Here, Ms. Adams attached portions of the record in support of her factual assertions “to make research and analysis more direct and easier for the Court,” and the exhibits include documents to which the court would necessarily turn to resolve Ms. Adams’ claims. Thus this is not a situation in which the court was confronted with an “overlong and illegible motion[ ]” that increased its burden of re *1143 view. Al-Hakim, 87 So.3d at 888. Accordingly, we conclude that the postconviction court incorrectly applied rule 3.850(c) in finding that Ms. Adams’ motion exceeds the page limit under the rule, and we reverse the order on review and remand for the postconviction court to consider Ms. Adams’ motion on its merits. See id. at 837.
Although not pertinent to our disposition, we also observe that the postcon-viction court abused its discretion by dismissing Ms. Adam’s motion on November 3, 2011, without prejudice to her filing an amended motion by November 4, 2011.[3] The one-day amendment period did not provide Ms. Adams with a reasonable period of time to correct the purported technical deficiency of her motion. See Spera v. State, 971 So.2d 754, 761 (Fla.2007) (“[T]he proper procedure is to strike the motion with leave to amend within a reasonable period.”). Ms. Adams is a pro se, incarcerated litigant. The postconviction court’s order was not filed with the clerk until November 4, 2011, and Ms. Adams stated in her brief that she did not receive the circuit court’s order until November 7, 2011, three days after the amendment period had expired. Although Spera contemplates that a period of less than thirty days may be sufficient for amendment, the one-day amendment period granted here was unreasonable under the circumstances. See id.
Accordingly, we reverse the order dismissing Ms. Adams’ motion for postconviction relief and remand for the posteonviction court to consider her motion on its merits.
Reversed and remanded.
SILBERMAN, C.J., and NORTHCUTT, J., Concur.

. In the underlying twenty-one cases, Ms. Adams pleaded no contest to two counts of burglary of a dwelling, one count of grand theft auto, five counts of grand theft, seventeen counts of identity theft, one count of possession of hydromorphine, one count of possession of hydrocodone, two counts of uttering a forged instrument, and one count of forgery in exchange for fifteen-year sentences on each second-degree felony and five-year sentences on each third-degree felony, all of which would run concurrently. On October 7, 2009, this court per curiam affirmed Ms. Adams’ direct appeal from her underlying judgments and sentences. Adams v. State, 19 So.3d 988 (Fla. 2d DCA 2009) (table decision). Our mandate issued on November 3, 2009.

. Ms. Adams asserts in her brief that the exhibits, with the exception of exhibit H consisting of medical records, are from the court's record. The exhibits attached to Ms. Adams' motion include the arrest affidavits in the underlying cases, felony informations in several of her cases, the judgments and sentences in the underlying cases, the criminal punishment scoresheet, the transcript of Ms. Adams’ pretrial hearing, a motion for disqualification of the trial judge, an order denying the motion for disqualification, letters to the court, and medical records. Exhibit H consists of sixteen pages of medical records, and Ms. Adams cited to exhibit H in her motion for postconviction relief in support of her statement that she has a long history of mental illness.

. In ruling that Ms. Adams had until November 4, 2011, to file an amended motion, the postconviction court observed that her conviction and sentence became final on November 4, 2009, and thus she had until November 4, 2011, in which to file a motion for postcon-viction relief. Apparently the postconviction court erroneously believed that Ms. Adams was limited to filing an amended motion to correct the technical deficiency within the two-year period under rule 3.850(b). See Bryant v. State, 901 So.2d 810, 818 (Fla.2005) (observing that when a technically-deficient motion is stricken with leave to amend to correct the deficiency, the amended motion relates back to the original filing for the purpose of determining the timeliness of the motion).