NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

CHANNING O. JAMES, )
)
         Appellant, )
)
v. )     Case No. 2D15-2515
)
STATE OF FLORIDA, )
)
         Appellee. )
_____)

Opinion filed February 5, 2016.

Appeal pursuant to Fla. R. App. P.
9.141(b)(2) from the Circuit Court for
Manatee County; Deno G. Economou,
Judge.

Tracy B. Pratt, Bradenton, for Appellant.

PER CURIAM.

        Channing O. James timely appeals the order summarily denying with prejudice his motion filed under Florida Rule of Criminal Procedure 3.850 for failure to include the certifications required by rule 3.850(n)(1) and (2) after the court gave him two opportunities to amend. We reverse.

        James' retained counsel filed a rule 3.850 motion containing a certification signed by James stating that he reads English, that he read the motion, and that the facts stated in it were true to the best of his knowledge. The postconviction court struck

James' motion for failure to contain a proper oath, see Gorham v. State, 494 So. 2d 211, 212 (Fla. 1986) (confirming that an oath containing "to the best of his knowledge" is inadequate), and gave him sixty days to amend.  In its order, the court also struck as unauthorized James' pro se motion filed four days after the motion filed by counsel.[1]

On December 20, 2014, counsel filed an amended rule 3.850 motion on behalf of James that contained a proper oath but not a certification that James can understand English.  The postconviction court struck the motion for failure to include the certifications required by rule 3.850(n)(1) and (2) and gave James sixty days to amend.

On March 14, 2015, counsel filed a second amended motion on behalf of James that again contained a proper oath but that also lacked a certification that James can understand English.  The postconviction court denied the motion with prejudice for failure to include the certifications required by rule 3.850(n)(1) and (2), noting that it had given him two prior opportunities to amend.

In this appeal,[2] James correctly argues that there is no sanction for failure to comply with rule 3.850(n)(1).  That rule merely explains that a movant makes certain certifications by signing a motion filed under rule 3.850.  However, rule 3.850(n)(2) provides that failure to include a certification that the defendant can understand English or that he has had the motion translated into a language that he can understand is a ground for dismissal pursuant to subdivisions (f)(1), (f)(2), or (f)(3).  James argues that while his second amended motion admittedly did not contain the required certification

---

[1]Notably, James' unauthorized pro se motion certified that he understands English.

[2]The attorney representing James in this appeal is not the same attorney who represented James in the postconviction court.

that he understands English, this was a technical error because his original motion and his pro se motion both contained a certification that he can read English. James contends that he should not be procedurally barred from having his motion heard on the merits when he substantially complied with rule 3.850(n)(2) and the postconviction court had previously been notified that he can read and write English.

In support of his argument, James cites Smith v. State, 100 So. 3d 201, 201 (Fla. 2d DCA 2012), in which the postconviction court struck Smith's original motion for failure to contain an oath and gave him thirty days to amend. Smith's amended motion also failed to contain an oath, and the court summarily denied it. Id. But Smith then filed a motion for rehearing to which he attached an amended motion containing an oath. Id. 201-02. This court held that the postconviction court abused its discretion in denying Smith's motion for rehearing because it cured the insufficiency of his postconviction motion by providing the court with an amended motion containing an oath. Id. at 202. In so holding, this court noted that "[p]ostconviction relief proceedings must provide meaningful access to the judicial process, and resolution of a case on the merits is preferred." Id. (citation omitted).

Similarly, in the present case James certified in his first motion that he can read English, as required by rule 3.850(n)(2). Although his pro se motion was unauthorized, it also contained the proper certification. Because resolution of a case on its merits is preferred and postconviction relief proceedings must provide meaningful access to the judicial process, see Smith, 100 So. 3d at 202, under the unique circumstances of this case we reverse and remand with directions for the postconviction

court to address James' claims.  In so doing, we do not in any way condone piecemeal

compliance with the pleading requirements of rule 3.850.

Reversed and remanded with directions.

KHOUZAM, CRENSHAW, and SALARIO, JJ., Concur.