NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

| | | |
|---|---|---|
| WAYNE ALAN JOHNSON, | ) | |
| | ) | |
| Appellant, | ) | |
| | ) | |
| v. | ) | Case No. 2D16-36 |
| | ) | |
| STATE OF FLORIDA, | ) | |
| | ) | |
| Appellee. | ) | |
| _____ | ) | |

Opinion filed November 16, 2016.

Appeal pursuant to Fla. R. App. P.
9.141(b)(2) from the Circuit Court for
Polk County; Kelly P. Butz, Judge.

Wayne Alan Johnson, pro se.


PER CURIAM.

Wayne Alan Johnson appeals the order denying with prejudice his motion

for jail credit filed under Florida Rule of Criminal Procedure 3.801. We reverse.

In his motion, Johnson sought jail credit in five cases for the time he spent

in the Polk County jail from June 26, 2014, to November 19, 2014. In denying

Johnson's motion, the postconviction court noted that it was his third attempt at filing a

motion for jail credit. The court characterized the previous two attempts as motions

seeking out-of-state jail credit. It dismissed both prior motions without prejudice to refile

the claims under Florida Rule of Criminal Procedure 3.850.  However, Johnson continued to file his motions under rule 3.801.  The court denied Johnson's third motion as facially insufficient and declared that it would not give Johnson an opportunity to amend because his claim was refuted by the record.  The court attached a certificate from the Polk County Sheriff's Office showing the dates Johnson was arrested and released from custody.  But the certificate says nothing about what jail credit was awarded to Johnson.  Thus, the postconviction court erred in denying his third motion as refuted by the record.

The postconviction court correctly found that Johnson's third motion was facially insufficient under rule 3.801 as it failed to contain the information required by rule 3.801(c).  However, Johnson's second motion did contain this information as well as a proper oath and the certification required by rule 3.850(n).  See Fla. R. Crim. P. 3.801(e).  Thus, the second motion was in fact facially sufficient.  Significantly, the second motion did not state a claim for out-of-state jail credit.  Rather, Johnson sought credit from June 20, 2014, the date he was transferred from Arkansas custody into Florida custody, to November 19, 2014, the date he was sentenced after violating his probation by committing a new offense in Arkansas.[1]  Consequently, the postconviction court erred in dismissing Johnson's second motion as stating a claim for out-of-state jail credit.

A similar situation occurred in James v. State, 185 So. 3d 649 (Fla. 2d DCA 2016).  James's retained counsel filed a rule 3.850 motion that did not contain a proper oath.  Id. at 650.  The postconviction court struck the motion with leave to amend

---

[1]In his third motion, Johnson modified the dates for which he was seeking jail credit to from June 26, 2014, to November 19, 2014.

within sixty days.  Id.  James's counsel filed a second motion that contained the proper oath but not the certification required by rule 3.850(n)(2) that James could understand English.  Id.  However, the certification had been included in the original motion.  Id. The trial court struck the motion and gave James another sixty days to amend.  Id. After James filed a second amended motion which again contained the proper oath but lacked the necessary language certification, the trial court denied the motion with prejudice.  Id. Under the unique circumstances of the case, and without condoning piecemeal compliance with pleading requirements, this court reversed and remanded for the postconviction court to address James's claims.  Id. at 651.  This court based its decision on the principles that "resolution of a case on its merits is preferred and postconviction relief proceedings must provide meaningful access to the judicial process."  Id. (citing Smith v. State, 100 So. 3d 201, 202 (Fla. 2d DCA 2012)).

These principles apply even more to the present appeal because Johnson's second motion stated a facially sufficient claim for in-state jail credit. Accordingly, we reverse the order denying Johnson's third motion for jail credit and remand for the postconviction court to address Johnson's claim for jail credit in his second motion (filed on October 28, 2015) as modified by his third motion (filed on November 24, 2015).

Reversed and remanded.

WALLACE, SLEET, and BADALAMENTI, JJ., Concur.